UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 25-00582-VBF (DFM) | Date: | January 28, 2025 |
|---|---|---|---|
| Title | Virginia Moor v. L. De La Cruz | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Petitioner(s): | | Attorney(s) for Respondent(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On January 16, 2025, Petitioner Virginia Moor, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner alleges that the California Supreme Court's failure to resentence her under Assembly Bill ("AB") 333 violates the Fourteenth Amendment's Due Process Clause. See id.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons discussed below, Petitioner is ordered to show cause why this action should not be dismissed for failure to state a cognizable federal habeas claim.

I. BACKGROUND

In 2014, Petitioner was convicted of first-degree murder and conspiracy to commit murder. See Petition at 1; see also People v. Moor, No. B256126, 2016 WL 742171 (Cal. Ct. App. Feb. 24, 2016). The jury found true various allegations, including that each offense was committed on behalf of a criminal street gang. See id. Petitioner was sentenced to fifty years to life. See id.

In June 2017, Petitioner filed her first federal habeas petition, which was denied on the merits. See Moor v. Adams, No. 17-4201 (C.D. Cal.), Dkts. 1 (Petition), 18 (Report and Recommendation), 24 (Final Judgment), 29 (Order Denying Certificate of Appealability).

In December 2023, Petitioner filed a state habeas petition, arguing that she should be resentenced pursuant to AB 333. See Petition at 3. AB 333, which became effective on January 1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

2022, made various changes to the law on gang enhancements, including narrowing the definition of a "criminal street gang." See People v. Tran, 13 Cal. 5th 1169, 1206 (2022). The Superior Court denied the petition, explaining that AB 333 is an "ameliorative statute" and thus did not apply to petitioner's case. See Petition at 30-33. The California Court of Appeal denied the petition, citing People v. Duvall, 9th Cal. 4th 464, 474-75 (1995). See Petition at 51. The California Supreme Court summarily denied the petition. See id. at 85.

Petitioner argues that the California Supreme Court's denial of her state habeas petition violated her due process rights because the decision runs contrary to Tran, 13 Cal. 5th 1206, which, according to Petitioner, held that AB 333 applies retroactively. See Petition at 4.

**II.  DISCUSSION**

A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). For example, issues concerning state sentencing enhancements are generally not cognizable on federal habeas review. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (concluding that whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review).

Here, Petitioner argues that she should be resentenced pursuant to AB 333. However, Petitioner's claim does not appear cognizable on federal habeas review because it exclusively concerns California law. See Joe v. Schultz, No. 23-10424, 2024 WL 4467597, at *7 (C.D. Cal. Aug. 29, 2024) (dismissing AB 333 claim as "not cognizable on federal habeas review); Nash v. Cal. Dep't of Corr. Rehab., No. 24-00437, 2024 WL 312670, at *2 (C.D. Cal. Jan. 26, 2024) ("AB 333 is a matter of state law."). Indeed, Petitioner's specific gripe concerns whether AB 333 applies retroactively to cases that were final before its January 1, 2022 effective date, a question that relates to state law.

Although Petitioner asserts this is an issue of "due process," she may not simply "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Rather, to present a viable claim on federal habeas review based on an error of state law, a petitioner must show that the alleged state law error was "so arbitrary and capricious as to constitute an independent due process . . . violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (citation omitted)).

Petitioner has not alleged facts showing that the state courts' alleged error(s) were so arbitrary and capricious as to constitute an independent due process violation. What's more,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

California cases consistently hold that AB 333 applies retroactively <u>only</u> to convictions that were not final before its January 1, 2022 effective date. <u>See</u> <u>Schultz</u>, 2024 WL 4467597, at *7 (collecting cases); <u>People v. Burgos</u>, 16 Cal. 5th 1, 9 (2024) (AB 333's "substantive changes apply retroactively to all nonfinal cases"). This Court is bound by those state court holdings.

### III.  CONCLUSION

**Petitioner is therefore ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why this action should not be dismissed for failure to state a cognizable habeas claim.**

The Court will construe Petitioner's filing of a First Amended Petition as sufficient to discharge this Order. The Clerk of Court has attached a form Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254). Any First Amended Petition must make clear Petitioner's asserted ground(s) for federal habeas relief.

**Petitioner is warned that her failure to timely respond to this Order will result in the Court recommending that this action be dismissed without prejudice for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).**